### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARLTON WADE WAMBLE, ) | |
| Plaintiff, ) | |
| v. ) | CIV-2025- |
| METREA SPECIAL AEROSPACE ) ISR INC., ) | Action arising in Okla. Cnty, OK |
| Defendant. ) | *JURY TRIAL DEMANDED* |

## COMPLAINT

**COMES NOW** the Plaintiff, and for his cause of action alleges as follows:

### PARTIES

1. The Plaintiff is Karlton Wade Wamble, an African American resident of Oklahoma County, Oklahoma.

2. The Defendant is Metrea Special Aerospace ISR Inc., a corporation doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's claim is one for termination of Plaintiff's employment based upon his requirement to perform active duty service, contrary to the right provided by USERRA, 38 U.S.C. § 4311(a), 4323(a), and discrimination based on Plaintiff's race as prohibited by 42 U.S.C. § 1981. Jurisdiction is vested in this Court pursuant to 38 U.S.C. § 4323(b)(3) and 28 U.S.C. § 1331.

4. Defendant maintains a place of business in Oklahoma County, Oklahoma. Oklahoma County, Oklahoma, is located within the Western District of the United States District Courts for Oklahoma, wherefore venue is proper pursuant to 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Plaintiff is an African American adult member of the United States Air Force Reserves who is required, as part of his service, to annually participate in active duty for a period of several weeks.

6. Plaintiff has been employed by the Defendant since January 2019, and held the title of Assistant Site Lead as of his wrongful termination on May 19, 2025.

7. At all times, Plaintiff has properly performed his job duties. Plaintiff was not disciplined nor terminated for a disciplinary reason.

8. Plaintiff was terminated on or about May 19, 2025, but not for any performance, conduct or disciplinary reason.

9. When the Plaintiff was terminated, his job continued to exist and was filled with a Caucasian employee with no prior experience as a Site Lead or Assistant Site Lead.

10. Plaintiff's job responsibilities involved him working alternating two month service periods at Defendant's West Africa job site.

11. In December 2024, Plaintiff was notified that he was being called to a three week deployment period by his Air Force Reserve unit to commence in mid-June 2025. Plaintiff promptly advised the Defendant of this fact in time for setting out the site rotation schedules.

12. During a leadership meeting, Plaintiff was advised that the West Africa site was being shut down. At the West Africa site, there were two Site Leaders and two Assistant Site Leaders. One of the Site Leaders was leaving the company. All of the remaining site leads for West Africa, of which Plaintiff was one, were scheduled to be moved to Defendant's East Africa location, where there were two Site Leader positions to fill and one assistant site leader position to fill.

13. On May 19, 2025, Plaintiff was at a leadership meeting where the transfer of site leads to East Africa was being discussed. Plaintiff reminded the Program Manager (Donovan Haggas– believed to be Caucasian) the Plaintiff was scheduled for active duty deployment for three weeks starting mid-June. This deployment period would take place during part of Plaintiff's expected time in East Africa unless an adjustment was made.

14. A few hours after the leadership meeting, Donovan Haggas called and told the Plaintiff that he was being fired.

15. Plaintiff asked why he was being fired and Mr. Haggas said only, there was 'no room at the table for him.'

16. Plaintiff's position was then filled with a new, Caucasian employee (Benjamin George) who was not in the military and had no experience being either a Site Lead or an Assistant Site Lead with the Defendant.

17. All of the Caucasian Site Leads were retained. Plaintiff was the only African American Site Lead or Assistant Site Lead, and the only person fired for a non-performance reasons.

18. The reason for Plaintiff's termination was his race, his activity duty military schedule, or a combination of those two factors.

19. As the direct result of Defendant's violations of USERRA and of racial discrimination, Plaintiff has suffered injuries in the form of lost earnings and benefits, past, present, and on-going. Additionally, Plaintiff has suffered emotional distress for which he is entitled to compensation.

20. Under USERRA, 38 U.S.C.S. § 4323(d)(1) the Plaintiff is entitled to recover wages and benefits together with interest and liquidated damages equal to Plaintiff's lost wages and benefits with interest, but in any event, not less than Fifty Thousand Dollars ($50,000). Plaintiff is also entitled to an order of

reinstatement under 38 U.S.C.S. § 4323(e)(1), (3).

21. Under 42 U.S.C. § 1981, Plaintiff is entitled to money compensation for his lost wages and earnings, past, present, and future, compensation for his emotional distress, and an award of punitive damages.

22. The is no requirement for the Plaintiff to exhaust his administrative remedies and Plaintiff has elected to forego proceeding through the Secretary as provided by 38 U.S.C.S. § 4323(a)(2)(A), (B).

**WHEREFORE,** Plaintiff prays that he be awarded all of his actual damages, togther interest, liquidated and punitive damages, and attorney's fees and costs.

**RESPECTFULLY SUBMITTED THIS 8th DAY OF AUGUST, 2025.**

Hammons, Hurst & Associates

s/ Mark Hammons
Mark Hammons, OBA #3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
assistant@hammonslaw.com
*Counsel for Plaintiff*

*JURY TRIAL DEMANDED*
*ATTORNEY LIEN CLAIMED*